IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDDIE L. ALEXANDER, Inmate #04759-025,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **STATE OF ILLINOIS, MADISON** ) <br> **COUNTY STATE ATTORNEY OFFICE,** ) <br> **and THE UNITED STATES ATTORNEY,** ) <br> ) <br> Respondent. ) | **CIVIL NO. 06-198-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, currently incarcerated in the United States Penitentiary in Coleman, Florida, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner states that he was found guilty by a jury in Madison County, Illinois, of battery and first degree murder and was sentenced to 40 years imprisonment. In December 2004, an Illinois appellate court affirmed the murder conviction, but vacated the battery offense. In May 2005, the Illinois Supreme Court affirmed the decision of the appellate court. In this petition for habeas corpus, Petitioner argues that the Illinois court did not have jurisdiction over his case, that the indictment was substantively amended, that he was prejudiced by a faulty jury instruction at trial, that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), and that he received ineffective assistance of counsel.

Before further proceedings are ordered, a few words about the named respondents are necessary. Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District

Courts, a habeas petitioner must name as a respondent the officer who has current custody and if he is not currently in state custody, but expects to be at a future time, the attorney general of the state where the judgment was entered.  Petitioner here has named as respondents the State of Illinois, the Madison County States Attorney, and the United States Attorney.  ***Petitioner will be allowed and is encouraged to amend his petition to include as respondents his current custodian and if he is not currently incarcerated under a judgment of the state of Illinois but expects to be at a later time, the Illinois Attorney General.***

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED this 31st day of March, 2006.**

       **s/ Michael J. Reagan**
       **MICHAEL J. REAGAN**
       **United States District Judge**